**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | |
|---|---|
| **BUILD-A-BEAR RETAIL MANAGEMENT, INC.,** and **BUILD-A-BEAR WORKSHOP, INC.,** | ) ) ) ) |
| Plaintiffs, | ) ) |
| vs. | ) No. 4:07CV1750-DJS ) |
| **MONIQUE ALLEN** and **THE BEAR BUILDERS,** | ) ) ) |
| Defendants. | ) ) |

### ORDER

Defendants Monique Allen and The Bear Builders (collectively referred to as "defendants") failed to timely answer or otherwise defend against plaintiffs Build-A-Bear Retail Management, Inc. and Build-A-Bear Workshop, Inc.'s (collectively referred to as "plaintiffs" or "Build-A-Bear Workshop") complaint served on January 10, 2008. See Docs. #4, 5. On April 10, 2008, the Court ordered the Clerk to enter default against defendants, and to mail a copy of the Court's order to defendants. Doc. #8. The Clerk entered default against defendants on April 10, 2008, and on May 12, 2008, plaintiffs filed an appropriate motion for default judgment, supported by all necessary affidavits and other documentation. Doc. #9. Plaintiffs' motion for default judgment was mailed to the defendants at the addresses at which service was obtained. Defendants have not entered their appearances before this Court or otherwise responded to plaintiffs' action.

Now before the Court is plaintiffs' motion for default judgment and injunction [Doc. #9]. In the case of a default, the "allegations in the complaint, in effect, become findings of fact." Brown v. Kenron Aluminum & Glass Corp., 477 F.2d 526, 531 (8th Cir. 1973).

> If the court determines that the defendant is in default, his liability to the plaintiff is deemed established and the plaintiff is not required to establish his right to recover. The allegations of the complaint except as to the amount of damages are taken as true. If the default is established, the defendant has no further standing to contest the merits of plaintiff's right to recover.

Id. (internal quotation and citation omitted). Defendants are in default and plaintiffs seek no damages. Accordingly, the facts alleged in plaintiffs' complaint are accepted as true.

Having carefully reviewed the record, the Court, pursuant to Federal Rule of Civil Procedure 55(b), hereby makes the following findings of fact and conclusions of law, which constitute the grounds for granting plaintiffs' motion.

1. This action was commenced on October 15, 2007.
2. On October 23, 2007, the Court ordered that summons be served upon defendants.
3. On January 10, 2008, defendant Monique Allen was served with summons and a copy of plaintiffs' complaint, in accordance with Federal Rule of Civil Procedure and California Code of Civil Procedure § 415.20.

4. On January 10, 2008, defendant The Bear Builders was also served with summons and a copy of plaintiffs' complaint, in accordance with Federal Rule of Civil Procedure and California Code of Civil Procedure §§ 415.20 and 415.95.

5. No answer or other responsive pleading was filed on behalf of defendants Monique Allen or The Bear Builders, and no attorney entered an appearance on their behalf.

6. On April 10, 2008, this Court entered its order directing the Clerk to enter default against defendants and to serve them with a copy of the Court's order. Defendants were served by mail on April 10, 2008.

7. To date, defendants have failed to answer, respond, or enter an appearance in this action.

8. Plaintiffs' October 15, 2007, complaint asserts claims against both defendants for Federal Trademark Infringement under 15 U.S.C. § 1114 (Count I), Federal Unfair Competition under 15 U.S.C. § 1125(a) (Count II), Federal Cybersquatting under 15 U.S.C. § 1125(d) (Count III), and State Trademark Dilution under Mo. Rev. Stat. § 417.061 (Count IV). Although plaintiffs' complaint seeks injunctive relief and damages, plaintiffs' request for default judgment seeks only injunctive relief.

9. Plaintiffs are both Delaware corporations with offices in Missouri.

10. Defendant Monique Allen is an owner, principal, shareholder, manager, or officer of defendant The Bear Builders and is a resident of the State of California.

11. Defendant The Bear Builders is a California corporation, partnership, sole proprietorship, or other entity with a place of business in California.

12. Build-A-Bear Workshop is the leading nationwide company offering a customized stuffed animal retail experience. Build-A-Bear Workshop maintains federal trademark registrations to identify its goods and services that are available in connection with its BUILD-A-BEAR WORKSHOP trademarks.

13. Defendants sell customized stuffed animals using trademarks such as THE BEAR BUILDERS that are confusingly similar to trademarks owned by Build-A-Bear Workshop. Defendants' actions are likely to cause confusion and to deceive consumers and the public regarding the source of their products, and to dilute and tarnish the distinctive character of Build-A-Bear Workshop's trademarks.

14. This Court has subject matter jurisdiction over Build-A-Bear Workshop's federal claims pursuant to section 39 of the Lanham Act, 15 U.S.C. § 1121, and 28 U.S.C. §§ 1331 and 1338. This Court has subject matter jurisdiction over plaintiffs' state law claims pursuant to 28 U.S.C. § 1367.

15. This Court has personal jurisdiction over defendants by virtue of the fact that they are engaged in the business of advertising, marketing, distributing, shipping, transporting, selling, offering to sell, and/or contracting to deliver or sell merchandise bearing the infringing marks, specifically including plush, stuffed animals and accessories related thereto, throughout the United States, including in this judicial district.

16. Venue is proper in this Court pursuant to 28 U.S.C. § 1391.

17. Build-A-Bear Workshop and its related entities operate over 260 stores in the United States, all under the BUILD-A-BEAR WORKSHOP® brand.

18. The BUILD-A-BEAR WORKSHOP® stores allow customers to create, personalize, and customize their stuffed animals.

19. Build-A-Bear Workshop also provides services such as make-your-own stuffed animal "parties" in its BUILD-A-BEAR WORKSHOP® stores.

20. In addition, customers of the BUILD-A-BEAR WORKSHOP® stores can purchase a broad range of accessories for their stuffed animals—all under the BUILD-A-BEAR WORKSHOP® brand.

21. Build-A-Bear Workshop also maintains a licensing program to offer branded goods and services in connection with its trademarks and service marks.

22. Build-A-Bear Workshop owns the mark and U.S. Trademark Registration No. 2,553,748 for BUILD-A-BEAR WORKSHOP® for a wide variety of goods and services. Build-A-Bear Workshop has used and registered this mark prior to any use by defendants.

23. Build-A-Bear Workshop owns the mark and U.S. Trademark Registration No. 2,756,424 for BUILD-A-BEAR WORKSHOP® for a wide variety of goods and services. Build-A-Bear Workshop has used and registered this mark prior to any use by defendants.

24. Build-A-Bear Workshop owns the mark and U.S. Trademark Registration No. 2,598,778 for BUILD-A-BEAR WORKSHOP and Design® for a wide variety of goods and services. Build-A-Bear Workshop has used and registered this mark prior to any use by defendants.

25. Build-A-Bear Workshop owns the mark and U.S. Trademark Registration No. 2,428,666 for BUILD-A-BEAR WORKSHOP and Design® for a wide variety of goods and services. Build-A-Bear Workshop has used and registered this mark prior to any use by defendants.

26. Build-A-Bear Workshop owns the mark and U.S. Trademark Registration No. 2,633,892 for BUILD-A-BEAR WORKSHOP® for a wide variety of goods and services. Build-A-Bear Workshop has used and registered this mark prior to any use by defendants.

27. Build-A-Bear Workshop owns the mark and U.S. Trademark Registration No. 2,884,223 for BUILDABEAR.COM® for a wide variety of goods and services. Build-A-Bear Workshop has used and registered this mark prior to any use by defendants.

28. Build-A-Bear Workshop owns the mark and U.S. Trademark Registration No. 2,830,770 for WORKSHOP® for a wide variety of goods and services. Build-A-Bear Workshop has used and registered this mark prior to any use by defendants.

29. Build-A-Bear Workshop owns the mark and U.S. Trademark Registration No. 3,133,356, for a trademark and service mark consisting of a three-dimensional heart-shaped object located inside a stuffed or plush toy animal (the "Heart Mark"). Build-A-Bear Workshop has used and registered this mark prior to any use by defendants.

30. Build-A-Bear Workshop owns U.S. Trademark Registration No. 2,279,762 for FIND-A-BEAR®, for security printing, namely encoding and tagging identifying information on toys, stuffed and plush toy animals, and tracking services for the retrieval of such encoded products. Build-A-Bear Workshop has used and registered this mark prior to any use by defendants.

31. Build-A-Bear Workshop owns the mark and U.S. Trademark Registration No. 3,118,632 for CREATE-A-BEAR® for plush

toy bears. Build-A-Bear Workshop has used and registered this mark prior to any use by defendants.

32. Build-A-Bear Workshop owns the mark and U.S. Trademark Registration No. 3,279,249 for BEAR BUILDER® for retail store services in the nature of providing assistance to customers in the selection and purchase of stuffed and plush toy animals, dolls and accessories therefore. Build-A-Bear Workshop has used and registered this mark prior to any use by defendants.

33. For purposes of clarity, all of the foregoing trademarks and service marks are referred to in this matter collectively as the "Build-A-Bear Workshop Marks."

34. Build-A-Bear Workshop has expended and continues to dedicate substantial resources promoting the Build-A-Bear Workshop Marks throughout the United States and, as a result, customers associate the marks with Build-A-Bear Workshop.

35. Defendants have advertised, marketed, distributed, shipped, transported, sold and/or offered to sell and continue to advertise, market, distribute, ship, transport, sell, and/or offer to sell goods and services relating to plush stuffed animals and related accessories, throughout the United States, including in this district, in connection with designations and marks

such as THE BEAR BUILDERS that are confusingly similar to the Build-A-Bear Workshop Marks.

36. Defendants have caused and are causing the domain name thebearbuilders.com to be maintained and registered for use by defendants.

37. Defendants are engaging in the sale, offering for sale, advertising, and promotion of plush, stuffed animals and accessories for the animals such as clothing and outfits and retail store services relating thereto (collectively referred to as "Infringing Goods and Services").

38. Defendants sell or offer to sell the Infringing Goods and Services both through their website and through their mobile party service referred to as "Bear Parties."

39. Defendants use the phrase "THE BEAR BUILDERS" or variations of "THE BEAR BUILDERS," "BUILD-YOUR-OWN BEAR" and "BUILD-IT-YOUR-WAY" and the insertion of a heart in a stuffed animal (collectively referred to as "Infringing Marks") in connection with their Infringing Goods and Services.

40. Build-A-Bear Workshop has contacted defendants concerning the Infringing Goods and Services and requested that defendants cease the use of the Infringing Marks in connection with the Infringing Goods and Services. Defendants refused to comply with Build-A-Bear Workshop's request.

41. Defendants are not subsidiaries, affiliates, licensees, or related companies of Build-A-Bear Workshop, and Build-A-Bear Workshop has not authorized or licensed defendants to distribute or sell products bearing the Build-A-Bear Workshop Marks, any marks likely to confuse consumers concerning the origin of Build-A-Bear Workshop branded or licensed items, or any reproductions, copies, or colorable imitations thereof.

42. Defendants' sales and offers for sale of plush, stuffed animals and related accessories in connection with the Infringing Marks are likely to cause confusion and mistake as to the source or origin of the Infringing Goods and Services and to create a false impression of sponsorship, approval, or endorsement of those products by Build-A-Bear Workshop.

43. Defendants' unauthorized use of the Infringing Marks in connection with Infringing Goods and Services has caused or, unless enjoined by this Court, will cause a likelihood of confusion and deception of consumers and dilution of the Build-A-Bear Workshop Marks. Build-A-Bear Workshop has suffered, and will continue to suffer irreparable injury to and dissipation of its reputation and goodwill for which Build-A-Bear Workshop has no adequate remedy at law.

44. By engaging in the acts described above, defendants have sold and marketed their Infringing Goods and Services in interstate commerce using designations and representations that are confusingly similar to the Build-A-Bear Workshop Marks.

45. Defendants' actions are likely to cause confusion, to cause mistake, and to deceive purchasers, prospective purchasers, and the public.

46. Build-A-Bear Workshop has not authorized defendants' use and marketing of colorable imitations of the Build-A-Bear Workshop Marks.

47. Defendants' actions demonstrate an intentional, willful, and malicious intent to trade upon the goodwill associated with the Build-A-Bear Workshop Marks.

48. Defendants' actions constitute trademark infringement in violation of section 32 of the Lanham Act, 15 U.S.C. § 1114.

49. Build-A-Bear Workshop is being and will continue to be damaged by defendants' infringing activities, which are likely to cause confusion among the purchasing public as to the true identity, source, sponsorship, or affiliation of the Infringing Goods and Services of defendants.

50. Because of defendants' infringing activities, Build-A-Bear Workshop has suffered and will continue to suffer damage to its business reputation and goodwill, and the

loss of sales and profits it would have made but for the improper acts of defendants.

51. Because of defendants' intentional infringing activities, Build-A-Bear Workshop is entitled to injunctive relief pursuant to 15 U.S.C. §§ 1114 and 1116.

52. Defendants' advertising, marketing, offering for sale, and sale of goods with false designations and representations identical or closely similar to the Build-A-Bear Workshop Marks is likely to cause confusion, or to cause mistake, or to deceive purchasers and potential purchasers and members of the public as to the affiliation, connection, or association between defendants and their Infringing Goods and Services on one hand and Build-A-Bear Workshop and its authentic goods and services on the other hand. Such actions by defendants are also likely to cause confusion, or to cause mistake, or to deceive purchasers and potential purchasers and members of the public as to the origin, sponsorship, authorization, or approval of defendants' Infringing Goods and Services by Build-A-Bear Workshop.

53. Defendants' actions demonstrate an intentional, willful, and malicious intent to trade upon the goodwill associated with the Build-A-Bear Workshop Marks.

54. Build-A-Bear Workshop is being damaged and will continue to be damaged by defendants' false designations and

representations because they are likely to cause confusion among the purchasing public and the trade as to the true affiliation, connection, association, origin, sponsorship, or approval of defendants' Infringing Goods and Services.

55. Because of defendants' false designations and representations, Build-A-Bear Workshop has suffered and will suffer damage to its business reputation, and goodwill, and the loss of sales and profits that Build-A-Bear Workshop would have made but for defendants' acts.

56. Defendants' false and deceptive designations and representations, violate section 43(a) of the Lanham Act, 15 U.S.C. §1125(a), and Build-A-Bear Workshop has no adequate remedy at law.

57. Because of defendants' infringing activities, Build-A-Bear Workshop is entitled to injunctive relief pursuant to 15 U.S.C. §§ 1125 and 1116.

58. The domain name thebearbuilders.com owned by defendants, or by a third party under the direction and control of defendants, is identical to, confusingly similar to or dilutive of the Build-A-Bear Workshop Marks.

59. Defendants, or a third party acting under their direction and control, have registered, trafficked in or used the

thebearbuilders.com domain name with a bad faith intent to profit from the Build-A-Bear Workshop Marks.

60. Build-A-Bear Workshop is entitled to an order for the transfer of the thebearbuilders.com domain name to Build-A-Bear Workshop pursuant to 15 U.S.C. § 1125.

61. Build-A-Bear Workshop has extensively and continuously promoted and used the Build-A-Bear Workshop Marks both in the United States and throughout the world, and those marks have become distinctive, strong, and well-known symbols of Build-A-Bear Workshop's goods and services well before defendants' actions complained of herein.

62. Defendants' unauthorized use of the Build-A-Bear Workshop Marks dilutes and is likely to dilute the distinctiveness of these marks by eroding the public's exclusive identification of these marks with Build-A-Bear Workshop, tarnishing and degrading the positive associations and prestigious connotations of the marks, and otherwise lessening the capacity of the marks to identify and distinguish plaintiffs' goods and services.

63. Defendants' actions are likely to cause injury to the business reputation of Build-A-Bear Workshop.

64. Defendants' actions demonstrate an intentional, willful, and malicious intent to trade on the goodwill associated with the Build-A-Bear Workshop Marks or to cause dilution

of these marks, to the great and irreparable injury of Build-A-Bear Workshop.

65. Defendants are causing and will continue to cause irreparable injury to Build-A-Bear Workshop's goodwill and business reputation, and dilution of the distinctiveness and value of Build-A-Bear Workshop's distinctive marks in violation of the Missouri antidilution statute, Mo. Rev. Stat. § 417.061(1). Build-A-Bear Workshop has no adequate remedy at law. Build-A-Bear Workshop is, therefore, entitled to injunctive relief.

For the above stated reasons,

**IT IS HEREBY ORDERED** that plaintiffs' motion for default judgment and injunction [Doc. #9] is granted. A separate judgment shall be entered this day.

Dated this ___18th___ day of July, 2008.

/s/Donald J. Stohr
UNITED STATES DISTRICT JUDGE